UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KCJ STUDIOS, LLC, dba Barre3 Ballard Exercise Studio, HUMBLE WARRIOR LLC, dba Barre3 Roosevelt & Capitol Hill, and ALELG, LLC, dba Barre3 Felida, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LIMITED,<br><br>Defendant. | No.<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

## I.   INTRODUCTION

Plaintiffs, KCJ STUDIOS, LLC, dba Barre3 Ballard Exercise Studio ("Barre3 Ballard"), HUMBLE WARRIOR LLC, dba Barre3 Roosevelt & Capitol Hill, ("Barre3 Roosevelt"), and ALELG, LLC, dba Barre3 Felida ("Barre3 Felida"), individually and on behalf of all other similarly situated members of the defined national class (the "Class Members"), by and through the undersigned attorneys, bring this class action against Defendant Sentinel Insurance Company, Limited ("Defendant" or "Sentinel") and allege as follows based on personal knowledge and information and belief:

COMPLAINT—CLASS ACTION - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class is a citizen of a state different from that of Defendant, the proposed Class has more than 100 members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendant because Defendant registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of personal jurisdiction by this Court is proper. Moreover, jurisdiction exists because Plaintiffs' claims arise out of and directly relate to Defendant's contacts with Washington. Plaintiffs have standing to bring each claim against Defendant as a class representative whose claims are typical and common of the class under Fed. R. Civ. P. 23.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Three of Plaintiffs' businesses at issue are in Seattle, King County and one is in Vancouver, Clark County, Washington. This action is therefore appropriately filed in the Seattle Division because a substantial portion of the events

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

giving rise to this lawsuit arose in King County, and three of the four physical locations at issue are in King County.

### III. PARTIES

5. Plaintiffs are Barre3 licensees and franchisees.

6. Barre3 Ballard owns and operates a barre exercise studio in Seattle's Ballard neighborhood at 5711 24th Ave NW, Suite 150, Seattle, Washington 98107.

7. Barre3 Roosevelt owns and operates two barre exercise studios: one in Seattle's Roosevelt neighborhood at 6408 Roosevelt Way NE, Seattle, Washington 98115; and one in Seattle's Capitol Hill neighborhood at 1404 12th Avenue, Seattle, Washington 98122.

8. Barre3 Felida owns and operates a barre exercise studio in Vancouver's Felida neighborhood at 3604 NW 119th Street, Vancouver, Washington 98685.

9. Defendant Sentinel Insurance Company, Limited is an insurance carrier incorporated and domiciled in Connecticut, with its principal place of business in Hartford Connecticut.

10. Defendant Sentinel is authorized to write, sell, and issue business insurance policies in all 50 states. Defendant conducted business within these states by selling and issuing business insurance policies to policyholders, including Plaintiffs.

### IV. NATURE OF THE CASE

11. This lawsuit is filed to ensure that Plaintiffs and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

12. Plaintiffs' Barre3 facilities are exercise studios that provide live, instructor-led, full-body workouts blending barre, yoga, cardio, and Pilates movements to improve cardiovascular health, flexibility, and to tone and strengthen the body.

COMPLAINT—CLASS ACTION - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13. Plaintiffs' Barre3 classes use physical equipment and facilities in the studio such as mirrors, ballet barres, core balls, mats, sliders, and resistance bands, all of which facilitate the workout.

14. Defendant Sentinel issued one or more insurance policies to Barre3 Ballard, including a Spectrum Business Owners Policy and related endorsements (bearing ISO form number SS 00 01 03 14), and a Special Property Coverage Form (bearing ISO form number SS 00 07 07 05) insuring Barre3 Ballard's property and business and other coverages, with effective dates of December 1, 2019 to December 1, 2020.

15. Defendant Sentinel issued one or more insurance policies to Barre3 Roosevelt, including a Spectrum Business Owners Policy and related endorsements (bearing ISO form SS 00 01 03 14), and a Special Property Coverage Form (bearing ISO form number SS 00 07 07 05), insuring Barre3 Roosevelt's property and business and other coverages, with effective dates of: (1) June 2, 2019 to June 2, 2020, and (2) June 2, 2020 to June 2, 2021.

16. Defendant Sentinel issued one or more insurance policies to Barre3 Felida, including a Spectrum Business Owners Policy and related endorsements (bearing ISO form SS 00 01 03 14), and a Special Property Coverage Form (bearing ISO form number SS 00 07 07 05), insuring Barre3 Felida's property and business and other coverages, with effective dates of August 22, 2019 to August 22, 2020.

17. Plaintiffs' business interruption coverage policies are materially identical.

18. Plaintiffs' business interruption coverage policies are based on and materially identical to an insurance industry standardized form. On information and belief, Defendant issues this business interruption coverage form to policyholders in all fifty states, including Washington.

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19. Plaintiffs' business properties include property owned and/or leased by Plaintiffs and used for the specific purpose of in-person studio exercise classes and related business.

20. Defendant's policies issued to Plaintiffs are "all-risk" policies that provide broad property and business interruption coverage except where excluded.

21. Defendant's insurance policies issued to Plaintiffs promise to pay Plaintiffs for "direct physical loss of or physical damage to" covered property.

22. Defendant Sentinel's insurance policy issued to Plaintiffs includes Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage, and Civil Authority Coverage.

23. Plaintiffs paid all premiums for the coverage when due.

24. On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

25. COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on certain surfaces. Persons infected with COVID-19 can be asymptomatic. COVID-19 is spread by breathing, talking, and touching shared or common objects or surfaces. Guidance issued by the United States Centers for Disease Control & Prevention recommends avoiding indoor activities, maintaining social distance of at least six feet between people, and not sharing exercise items such as resistance bands, to slow or stop the spread of COVID-19.[1]

26. On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as the result of the

---

[1] *Coronavirus Disease 2019 (COVID-19): Personal and Social Activities*, Centers for Disease Control & Prevention (updated July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

COMPLAINT—CLASS ACTION - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COVID-19 outbreak. Thereafter, he issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

27. On March 16, 2020, Governor Inslee issued Proclamation 20-13.

28. Proclamation 20-13 states that "the COVID-19 disease has and continues to spread quickly across the state of Washington, beyond the original community outbreaks in King, Pierce, and Snohomish counties… ."

29. Proclamation 20-13 prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . fitness and other similar activities[.]" The proclamation further prohibits "the operation of public venues in which people congregate for entertainment, social or recreational purposes, including but not limited to . . . gyms, fitness centers . . and other similar venues, which prohibition shall remain in effect until midnight on March 31, 2020, unless extended beyond that date."

30. Proclamation 20-13 states that one of the reasons for its restrictions is that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property, or the public peace."

31. On information and belief, Proclamation 20-13 refers to property damage throughout Washington State, including in King County and Clark County where Plaintiffs' businesses are located.

32. On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home-Stay Healthy." The proclamation, which amends Proclamation 20-13, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to

COMPLAINT—CLASS ACTION - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

conduct or participate in essential activities, and/or (2) for employment in essential business activities." The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."

33. Governor Inslee's Proclamations and Orders related to COVID-19 have been extended and modified from time to time.

34. On August 3, 2020, Governor Inslee issued additional restrictions on the operation of indoor fitness gyms and studios, effective as of August 10, 2020.

35. By order of Governor Inslee, exercise studios, gyms, and workout facilities, including Plaintiffs' studios, were prohibited from operating their businesses except according to the terms of the proclamation and orders.

36. Due to Governor Inslee's order, beginning on or about March 19, 2020, Plaintiffs were unable to use their physical business properties and other insured business property for their intended purpose.

37. Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

38. Plaintiffs' properties have sustained direct physical loss and/or damage related to COVID-19, property damage related to COVID-19, and/or the proclamations and orders.

39. Plaintiffs' properties will continue to sustain direct physical loss or damage covered by the Sentinel policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

40. As a result of the above, Plaintiffs have experienced and will experience loss covered by the Sentinel policies.

COMPLAINT—CLASS ACTION - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

41. Each Plaintiff filed a claim with Defendant in March 2020 for its losses covered by the Policy.

42. Defendant denied coverage to each Plaintiff by letters dated March 26 and March 30, 2020.

43. Defendant's denial letters to Plaintiffs were materially identical.

44. Defendant's letters denying coverage to each Plaintiff, state in part:

> We have completed a review of your loss and have determined that since the coronavirus did not cause property damage at your place of business or in the immediate area, this loss is not covered.

45. Upon information and belief, Defendant has denied and will deny coverage to other similarly situated policyholders.

## V.    CLASS ACTION ALLEGATIONS

46. This matter is brought by Plaintiffs on behalf of themselves and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

47. The Classes that Plaintiffs seek to represent are defined as:

A. ***Business Income Breach of Contract Class:*** All persons and entities in the United States issued a Sentinel policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Income claim has been denied by Sentinel.

B. ***Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a Sentinel policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

COMPLAINT—CLASS ACTION - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C. ***Extended Business Income Breach of Contract Class:*** All persons and entities in the United States issued a Sentinel policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Sentinel.

D. ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a Sentinel policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

E. ***Extra Expense Breach of Contract Class*:** All persons and entities in the United States issued a Sentinel policy with Extra Expense Coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Sentinel.

F. ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued a Sentinel policy with Extra Expense Coverage who sought to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

G. ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued a Sentinel policy with Civil Authority Coverage who suffered a

COMPLAINT—CLASS ACTION - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

suspension of their business and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Sentinel.

H. *Civil Authority Declaratory Relief Class:* All persons and entities in the United States issued a Sentinel policy with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

48. Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiffs reserve the right to amend the Class definitions based on information obtained in discovery.

49. This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

50. **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiffs are informed and believe that each proposed Class has hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

51. **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A. Whether the class members suffered covered losses based on common policies issued to members of the Class;

COMPLAINT—CLASS ACTION - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

B.  Whether Sentinel acted in a manner common to the Class by wrongfully and uniformly denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities on the same grounds and/or otherwise in breach of the law of contracts;

C.  Whether Business Income Coverage in Sentinel's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.  Whether Extended Business Income Coverage in Sentinel's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.  Whether Extra Expense Coverage in Sentinel's policies of insurance applies to efforts to minimize a loss at the covered premises relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.  Whether Civil Authority Coverage in Sentinel's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.  Whether Sentinel has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.  Whether, because of Defendant's conduct, Plaintiffs and the class members have suffered damages; and if so, the appropriate amount thereof; and

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

I.      Whether, because of Defendant's conduct, Plaintiffs and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

52.     **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes. Plaintiffs and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

53.     **Adequacy**: Plaintiffs will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Class.

54.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiffs seek adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiffs could also impair the ability of absent class members to protect their interests.

55.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed class making injunctive relief and declaratory relief appropriate on a classwide basis.

COMPLAINT—CLASS ACTION - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

56.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.     CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class)*

57.     Previous paragraphs alleged are incorporated herein.

58.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

59.     Plaintiffs bring this cause of action on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

60.     Plaintiffs seek a declaratory judgment declaring that Plaintiffs and class members' losses and expenses resulting from the interruption of their business are covered by the Policy.

61.     Plaintiffs seek a declaratory judgment declaring that Sentinel is responsible for timely and fully paying all such claims.

COMPLAINT—CLASS ACTION - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Count Two—Breach of Contract**

*(Brought on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class)*

62. Previous paragraphs alleged are incorporated herein.

63. Plaintiffs bring this cause of action on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class.

64. The Policy is a contract under which Plaintiffs and the class paid premiums to Sentinel in exchange for Sentinel's promise to pay Plaintiffs and the class for all claims covered by the Policy.

65. Plaintiffs have paid their insurance premiums.

66. Each Plaintiff separately contacted Defendant in March 2020 to ask whether Sentinel would provide coverage for its losses.

67. Each Plaintiff received a materially identical communication from Defendant in response telling it that its claim was not covered.

68. On information and belief, Sentinel has denied, and will continue to deny coverage for other similarly situated policyholders.

69. Denying coverage for the claim is a breach of the insurance contract.

70. Plaintiffs are harmed by the breach of the insurance contract by Sentinel.

### VII.   REQUEST FOR RELIEF

1. Class action status under Fed. R. Civ. P. 23.

COMPLAINT—CLASS ACTION - 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2. A declaratory judgment that the policy or policies cover Plaintiffs' losses and expenses resulting from the interruption of the Plaintiffs' business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

4. Damages.

5. Pre- and post-judgment interest at the highest allowable rate.

6. Reasonable attorney fees and costs.

7. Such further and other relief as the Court shall deem appropriate.

## VIII. JURY DEMAND

Plaintiffs demands a jury trial on all claims so triable.

DATED this 10th day of August, 2020.

        KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/Maureen Falecki*
By: *s/Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384

COMPLAINT—CLASS ACTION - 15

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

|   |   |
|---|---|
| 1 | Email: awilliams-derry@kellerrohrback.com |
|   | Email: lsarko@kellerrohrback.com |
| 2 | Email: ibirk@kellerrohrback.com |
| 3 | Email: gcappio@kellerrohrback.com |
|   | Email: ihecht@kellerrohrback.com |
| 4 | Email: kswope@kellerrohrback.com |
|   | Email: mfalecki@kellerrohrback.com |
| 5 | Email: nnanfelt@kellerrohrback.com |

By: *s/ Alison Chase*
Alison Chase, *pro hac vice forthcoming*
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

***Attorneys for Plaintiff***

COMPLAINT—CLASS ACTION - 16

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384